Nowland v. Lanagan.

## NOWLAND v. LANAGAN.

BANKRUPTCY: *New Promise. Exemption.*

A new promise to pay a debt discharged by bankruptcy is not an original and independent contract, but revives the old debt; and where the debt was contracted under the constitution of 1868, and the new promise was since the constitution of 1874, the exemptions under the constitution of '68 apply.

APPEAL from *Sebastian* Circuit Court.
Hon. R. B. RUTHERFORD, Circuit Judge.

*Clendenning & Sandels* for Appellant.

The "bar" arising from bankruptcy, *is strictly a personal privilege,* and is *"waived"* by the subsequent promise. *Turner v. Chrisman, Adm'r., 20 Ohio, 333, 339; 1 Mass., 129; McKinley v. O'Keson, 5 Barr (Pa.), 369; Dusenbury v. Hoyt, 53 N. Y., 523.*

Under the circumstances, suit is brought upon the old debt, and the new promise is either alleged, as in this case, or proven to avoid the bar. *Apperson v. Stewart, 26 Ark., 619; Cook v. Shannon, 103 Mass., 23; Allen & Co. v. Ferguson, 18 Wallace, 1; 1 Chitty Pleadings, 54; Shippy v. Henderson, 14 Johnson,*

Nowland v. Lanagan.

*178; Smith v. Richmond, 19 Cal., 483; Bank v. Flint, 17 Ver't., 508; Way v. Sperry, 6 Cushing, 238, 241; Lord v. Shaler, 3 Conn., 132; Angell on Limitations, Sec. 208, et. seq.; Harlan v. Birnie, 22 Ark., 217; Biscoe v. Jenkins, 11 Ark., 40; Biscoe v. Stone, 10 Id., 119; Newlin v. Duncan, 1 Han. (Del.), 206; Kemmell v. Schwartz, 1 Ill., 216; Ilsey v. Jewett, 3 Metc., 439; Shackelford v. Douglas, 31 Miss., 95; Varner v. Varner, 69 Ills., 445; Gow v. Kerr, 47 Penn. St., 333; Dusenbury v. Hoyt, 53 N. Y., 523; Tucker v. Allen, 11 Allen, 147.*

Analogous to statute of limitations. *17 Vermont, 508.*

*Sec. 314, Thompson on Homesteads,* cited by appellant, is based on contrary doctrine held in Texas, and cites *14 Texas; 2 Texas, 541.*

*Collins & Balch* for Appellee.

The recovery was upon a new and distinct contract, entered into with direct reference to existing laws, and the exemptions allowed by the constitution of 1874 should prevail.

A discharge in bankruptcy is a complete discharge of the debt itself. A distinct and unequivocal new promise to pay the debt is a new contract, independent and not in any way connected with the original contract, except in so far as it may be looked to to furnish a consideration to support the new contract, and should be taken with reference to law existing at the time of the entering into such new contract. *20 Ohio, p. 335. et seq., and cases cited; 4 Zab. (N. J.), 581; 1 Spenser, (N. J.), 429; 27 Ark., 619; 5 Eng., 119; 6 Eng., 40; 22 Ark., 218; 7 Yerger, Tenn., 534; Angell on Lim., 6th Ed., Sec. 231; Thompson on Homesteads, Sec. 314.*

EAKIN, J. Appellant, Mrs. Nowland, recovered at law, a judgment against Lanagan, for a debt originally contracted

under the constitution of 1868. Subsequently Lanagan was adjudged a bankrupt; and afterwards, under the constitution of 1874, made a new promise to pay the debt; upon which promise this judgment was recovered. Execution issued, and he filed a schedule of property claimed as exempt under the constitution and laws existing when the debt was originally contracted. *Supersedeas* issued from the clerk, and Mrs. Nowland moved the court to quash it, upon the ground that the exemptions were governed by the law in force when the new promise was made. The court refused to quash, and she appeals.

BANKRUPTCY:
New promise;
Exemption.

The question is, does the promise of a bankrupt to pay a debt, from which he has been discharged, renew the old obligation with all its incidents and consequences? or is it to be considered as a distinct original promise, based on the moral obligation, but attended with the incidents and consequences which would appertain to any other promise, about a new matter? In other words, what is the contract upon which the judgment is based?

In case of the statute of limitations the current of authority is, that a debt thereby barred as to time, but taken out of the operation of the statute by a new promise, rests upon its original basis, preserving its original nature and consequences. This is upon the ground that the statute itself does not, in fixing the limitation, mean to determine thereby that the debt has been *actually* discharged or was invalid at first, but simply, for the sake of peace and for security against perjury or loss of evidence, absolves the defendant from all proof as to the matter. It was for sometime the doctrine in England that an acknowledgment of the debt, even with a repudiation of any intention to pay it, took the case out of the statute, but the courts there have receded from this laxity, and now hold that there must be a new promise to pay, either explicitly made or to be inferred from an unequivocal acknowledgment of the justice of

Nowland v. Lanagan.

the debt, unaccompanied with any expression, or indication of an intention to rely upon the statute as a defense. See *Angell on Lim., Sec. 134, et seq.* This is the most approved American doctrine also. (*Ubi supra.*) But this "new promise," as it is called, is not *original.* It is a promise to do, either absolutely or conditionally, what the party was morally bound to do under the old contract. For without such reference to raise the moral obligation, the new promise would be without consideration. It cannot, therefore, be independent. It connects back with and revives the old contract.

Debts, discharged in bankruptcy, stand in some respects upon a different footing. The old debt which might have been proved in bankruptcy is not simply outlawed of remedy, but absolutely discharged as effectually as if paid. We do not see, however, that this affords any grounds for a distinction as to the effect of a new promise. None such has been adverted to in the few cases which have come before this court touching this point. A new promise after bankruptcy has been looked upon as reviving the old debt with all its character. There has, indeed, been no occasion to rule expressly upon the distinction, but it has been taken for granted that bankrupt debts are *revived* by a new promise.

Our present constitution provides (Art. IX, Sec. 9,) that "the exemptions contained in the constitution of 1868 shall apply to all debts *contracted* since the adoption thereof and prior to the adoption of this constitution."

The debt in this case was contracted during that period, although *revived* by the new promise afterwards. We do not think the court erred in refusing to quash the *supersedeas* issued in accordance with the exemptions allowed under the constitution of 1868.

Affirm.